UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAMIKO SMITH-JORDAN                             CIVIL ACTION

VERSUS                                           NO: 19-14699

LEPAUL LOVE ET AL.                               SECTION: "H"(1)

ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 5). For the following reasons, the Motion is DENIED.

BACKGROUND

Plaintiff Tamiko Smith-Jordan originally filed this action in Orleans Parish Civil District Court against LePaul Love, Domino's Pizza LLC ("Dominos"), and RPM Pizza, LLC ("RPM") for injuries she alleges she sustained in an automobile accident. Defendants Dominos and RPM removed the action to this Court on the basis of diversity jurisdiction, arguing that complete diversity exists because Plaintiff is a citizen of Louisiana and Defendants are citizens of Mississippi and Delaware. Plaintiff now moves to

1

remand, arguing that Defendant LePaul Love is a citizen of Louisiana and therefore complete diversity does not exist.[1]

## **LEGAL STANDARD**

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[2] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[3] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[4] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[5] Defendants argue that this case falls within the Court's diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.

The general rule regarding diversity jurisdiction is that "no party on one side may be a citizen of the same State as any party on the other side."[6] A natural person is a citizen of the state in which he is domiciled.[7] A person's domicile is the place of "his true, fixed and permanent home."[8]

---

[1] There is no dispute regarding the requisite amount in controversy.
[2] 28 U.S.C. § 1441.
[3] Manguno v. Prudential Prop. & Cas. Ins. Co., 273 F.3d 720, 723 (5th Cir. 2002).
[4] *Id.*
[5] Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996).
[6] Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974).
[7] *Coury*, 85 F.3d at 248.
[8] Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954).

## LAW AND ANALYSIS

The sole issue before the Court in considering Plaintiff's Motion to Remand is the citizenship of Defendant Love. Defendants Dominos and RPM argue that Love is a citizen of Mississippi, while Plaintiff contends that he is a citizen of Louisiana.

When a person relocates, "there is a presumption in favor of the continuing domicile."[9] To defeat this presumption, the burden rests with the party seeking to invoke federal jurisdiction to demonstrate both "(1) physical presence at the new location, and (2) an intention to remain there indefinitely."[10] However, "there is no durational residency requirement," and domicile is established "once presence in the new state and intent to remain are met."[11] In determining intent, "[n]o single factor is determinative," and "the court should look to all evidence shedding light on the litigant's intention to establish domicile," including factors such as "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has a driver's or other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family."[12] A defendant's declaration of intent "is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts."[13]

---

[9] *Coury*, 85 F.3d at 250.
[10] *Id*.
[11] Acridge v. Evangelical Lutheran Good Samaritan Soc'y, 334 F.3d 444, 448 (5th Cir. 2003).
[12] *Coury*, 85 F.3d at 251.
[13] *Id*.

3

In removing this action on the basis of diversity jurisdiction, Dominos and RPM attached an affidavit from Love declaring that he was born and raised in Mississippi and moved to New Orleans in 2017 to attend the University of New Orleans where he is still enrolled. He further declared that he considers his residence to be in Jackson, Mississippi and that he has no specific intent to remain in Louisiana after he graduates. Love maintains a Mississippi driver's license, drives a vehicle registered in Mississippi, and is not registered to vote in Louisiana.

Plaintiff argues that Love is domiciled in Louisiana because he lives and works in Louisiana and his only ties to Mississippi are his driver's license and vehicle registration. Plaintiff's argument misapprehends the law. The question is not to which state Love has more ties. Rather, the question is whether he has formed the intent to remain in Louisiana and establish domicile there. Plaintiff bears the burden of showing a change of domicile, and she has failed to present any evidence overcoming the presumption that Love's domicile remains in Mississippi.[14] The objective facts, combined with his declaration thereto, indicate that he does not have the intent to remain in Louisiana. Further, courts have held that a student does not change his domicile merely by moving to a different state for education.[15] Accordingly, this Court finds that Love's domicile remains in Mississippi. Therefore, complete diversity exists, and the exercise of jurisdiction over this matter is proper.

---

[14] *Id.* at 250.
[15] *Mas*, 489 F.2d at 1400 (5th Cir. 1974) ("Mrs. Mas did not effect a change of domicile since she and Mr. Mas were in Louisiana only as students and lacked the requisite intention to remain there."); Burns v. Mercury Ins. Grp., No. 16-10522, 2016 WL 5389742, at *2 (E.D. La. Sept. 27, 2016) (J., Milazzo).

## **CONCLUSION**

For the foregoing reasons, this Motion is DENIED.

New Orleans, Louisiana this 8th day of June, 2020.

_____
 **JANE TRICHE MILAZZO
 UNITED STATES DISTRICT JUDGE**