UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAMIKO SMITH-JORDAN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-14699** |
| **LEPAUL LOVE ET AL.** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is Plaintiff Tamiko Smith-Jordan's Motion for New Trial (Doc. 167). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

In this action, Plaintiff Tamiko Smith-Jordan alleged that she sustained injuries in an automobile accident caused by Defendant LePaul Love, who was driving a vehicle as a pizza delivery driver in the course and scope of his employment with Defendant RPM Pizza. A jury trial was held on April 18 to April 26, 2022. The jury returned a verdict for Defendants, finding that Mr. Love was not at fault for the accident. In this Motion, Plaintiff seeks a new trial, arguing that the jury's verdict contradicts the evidence presented at trial and that an intervening change in the law warrants a new trial. Defendants oppose.

1

## LEGAL STANDARD

Rule 59 provides that on a motion filed by a party the court may "[g]rant a new trial on all or some of the issues and to any party as follows: after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."[1] Rule 59(a) does not list specific grounds for a new trial.[2] On the other hand, the Fifth Circuit has clarified that a new trial may be warranted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course."[3] "A new trial will not be granted based on trial error unless, after considering the record as a whole, the court concludes that manifest injustice will result from letting the verdict stand."[4]

## LAW AND ANALYSIS

Plaintiff presents three grounds on which she argues she is entitled to a new trial. This Court will consider each in turn.

### A. Weight of Evidence at Trial

First, Plaintiff argues that the jury's verdict is contrary to the evidence presented at trial. Curiously, Plaintiff suggests that Mr. Love admitted to liability for the accident. No such admission was made at trial. Rather, the jury was presented with conflicting evidence as to the manner in which the accident in question occurred. Mr. Love testified that Ms. Smith-Jordan was at fault for the accident, and Defendants' accident reconstruction expert testified that the

---

[1] Fed. R. Civ. P. 59(a)(1)(A).
[2] *See id.*
[3] Smith v. Transworld Drilling Co., 773 F.2d 610, 613 (5th Cir. 1985).
[4] Learmonth v. Sears, Roebuck and Co., 631 F.3d 724, 730 (5th Cir. 2011) (quoting Foradori v. Harris, 523 F.3d 477, 506–07 (5th Cir. 2008)) (internal quotations omitted).

physical evidence supported Mr. Love's version of how the accident occurred. On the other hand, Ms. Smith-Jordan testified that Mr. Love was at fault for the accident. The jury simply believed Mr. Love's testimony over Ms. Smith-Jordan's testimony. "When all evidence is viewed in the light most favorable to the jury's verdict, the verdict must stand unless the evidence points 'so strongly and overwhelmingly in favor of one party that the court believes reasonable persons could not arrive at a contrary conclusion.'"[5] Such is not the case here, and a new trial is not warranted on this ground.

### B. Change in the Law

Next, Plaintiff argues that a subsequent change in state law warrants a new trial in this case. Indeed, a new trial may be warranted under Rule 59 where there is an intervening change in controlling law.[6] In its order addressing the parties' pre-trial motions, this Court excluded all evidence of Plaintiff's claim of negligent entrustment against RPM Pizza.[7] In so holding, the Court followed several other courts in making an *Erie* guess on the issue and "held that, when an employer is indisputably vicariously liable for the negligent acts of its employee, the plaintiff cannot also maintain a direct negligence claim against the employer."[8]

Plaintiff directs this Court to a subsequent Louisiana Supreme Court decision holding otherwise. On June 29, 2022, the Court decided *Martin v. Thomas*, in which it held that a plaintiff can pursue causes of action both for

---

[5] May v. Globalsantafe Drilling Co., No. CIV. A. 03-3539, 2007 WL 2728482, at *1 (E.D. La. Sept. 14, 2007) (quoting Jones v. WalMart Stores, Inc., 870 F.2d 982, 987 (5th Cir. 1989)).

[6] *See* Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003).

[7] Doc. 136.

[8] *See id.* (quoting Pigott v. Heath, No. CV 18-9438, 2020 WL 564958, at *3 (E.D. La. Feb. 5, 2020)).

3

the negligence of an employee for which his employer is vicariously liable and directly against the employer for its own negligence in its hiring, supervision, training, or entrustment of the employee.[9] Plaintiff is correct that this Court may have made a different decision regarding Plaintiff's evidence of negligent entrustment in light of this ruling. However, allowing Plaintiff to present evidence on her claim for negligent entrustment against RPM Pizza would not have had any effect on the jury verdict in this case. The Court in *Martin* made clear that an "employer can only be liable under theories of negligent hiring, supervision, training and retention, and negligent entrustment if the employee is at fault, and that the employer cannot be liable if the employee is not at fault."[10] Accordingly, where, as here, the employee was found to not be at fault for the accident "no degree of negligence on the part of the employer in [entrusting] the employee would make the employer liable if the employee did not breach a duty to the plaintiff."[11] Accordingly, the Louisiana Supreme Court's decision in *Martin* has no bearing on the outcome of Plaintiff's trial, and a new trial is therefore not warranted on this ground.

### C. Evidentiary Rulings and Prejudicial Comments

Finally, Plaintiff takes issue with the admission of evidence regarding the billing scheme between some of Plaintiff's medical providers, as well as allegedly prejudicial comments made by Defendants' counsel regarding this scheme and Plaintiff's involvement therein. This evidence, however, related only to the amount of damages owed to Plaintiff and the potential bias of

---

[9] Martin v. Thomas, 346 So. 3d 238, 247 (La. 2022).
[10] *Id.*
[11] *Id.*

Plaintiff's physicians. Because the jury found that Mr. Love was not liable for the accident, evidence regarding medical causation or Plaintiff's damages had no bearing on its verdict. Accordingly, Plaintiff has not shown any grounds for a new trial.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 28th day of October, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**